JESSIE EVANS, Appellee, v. CITY OF COUNCIL BLUFFS, Appellant.

TRIAL : Instructions—Issues and Theories in General—Inaccuracy
1 Cured by Other Instructions. While instructions embracing

plaintiff's exaggerated and inflammatory statements as to her injuries should not have been given to the jury, where the same were not supported by the evidence, yet, where other instructions limited the jury to the consideration of such matters only as the plaintiff had offered evidence tending to support, the verdict will not be reversed.

**MUNICIPAL CORPORATIONS: Streets and Alleys—Defect in Side-**
2    **walk—Negligence.** To charge a city with negligence as to a defect in a sidewalk that came into existence through no fault of the city's, the defect, if not known to the city, must have existed for such length of time before the accident that its officers or agents charged with the duty of caring for or maintaining the same ought, in the exercise of reasonable and ordinary care, to have known and remedied it before the accident.

**TRIAL: Instructions—Form and Language in General—Paucity of**
3    **Statement.** The Supreme Court will not reverse on the ground that an instruction on constructive notice on the part of a city of the defective condition of a sidewalk was not sufficiently amplified, as the defendant should have requested the court to amplify it.

**TRIAL: Special Interrogatories—Determinative Ultimate Facts.** In
4    an action for personal injuries from falling on an icy sidewalk, it was error to refuse requested special interrogatories as to how long the ice had been in a rough and uneven condition at the place of the accident, where there was involved a question of constructive notice on the part of the city of such ice.

*Appeal from Pottawattamie District Court.*—O. D.

WHEELER, Judge.

OCTOBER 17, 1919.

ACTION to recover damages for personal injuries occasioned by a fall upon a sidewalk. The negligence charged is that the city permitted ice and snow, which fell upon its sidewalk at a certain point, to become rough, rounded, and uneven; and that plaintiff, in attempting to pass over it, slipped and fell, without any fault on her part. Judgment for the plaintiff in the court from which the appeal is taken. Defendant appeals. Reversed for a failure to give

certain special interrogatories.—*Reversed and remanded.*

*Henry Peterson* and *Louis W. Schneider,* for appellant.

*Thos. Q. Harrison,* for appellee.

GAYNOR, J.—I. On the 13th day of December, 1916, plaintiff fell upon a sidewalk in the city of Council Bluffs, and received injuries. Her claim is that the injuries were occasioned by the negligence of the defendant in permitting its walk to become obstructed by the accumulation of ice upon it, and while it was in that condition, she, in attempting to pass over it, fell and was injured, without fault on her part. Defendant denies that it was negligent in any degree; denies that it can be charged with any fault in respect to the condition of the walk, or the plaintiff's alleged injury.

The cause was tried to a jury, and a verdict returned for the plaintiff in the sum of $545. Judgment was entered upon the verdict. A motion for a new trial was subsequently filed and overruled. Defendant appeals.

Reversal is sought upon four grounds: That the court erred (1) in stating the issues to the jury, in that it submitted matters of which there was no evidence; (2) in instructing the jury on the question of constructive notice, and not clearly setting out what constitutes constructive notice; (3) in not submitting to the jury the special interrogatories requested by the defendant; (4) in failing to direct a verdict for the defendant, on the ground of contributory negligence.

We will consider these grounds in the order in which they are presented by the defendant.

The plaintiff, in her petition, claims that she sustained injuries to her *back, spine, shoulder, side,* and *hip,* and that, as a result of these injuries and the pain and suffering incident thereto, she suffered damages in a stated

sum and asks to be compensated therefor. She further asked that she be compensated for nursing, medicine, and surgical attention made necessary on account of these in- juries, in a stated sum. She further said that these in- juries are permanent, and claimed for future medical care, attention, and nursing. In an amendment to her petition, she claims for injuries to the bones of her wrist, arm, and hand, saying that they were broken, fractured, and splin- tered.

No evidence of any injury to any part of her body was offered, except a fracture of both bones of the forearm at the lower third. She failed to offer any evidence that she paid, or obligated herself to pay, any sum of money for medical or surgical treatment, prior to the commencement of the suit. (The suit was commenced eight days after the alleged injury.) The only evidence offered, tending to show that she had incurred any expense for medical treat- ment, came from one Dr. Kelly, who visited her several weeks after the suit was commenced. He testified:

"I examined plaintiff's wrist, the 1st of February fol- lowing the injury. [It appears that the suit was com- menced on the 21st of December.] I administered treat- ment to her, and the reasonable value of this service is from $25 to $50."

The complaint is that, notwithstanding this state of the record, the court, in stating the issues to the jury, set out all these claims made by her, saying:

"The plaintiff claims she received se- rious permanent injuries, to wit: A bruis- ing, contusing, and concussion of the back and spine, causing great pain, lameness, and stiffness therein, and severe pains in the head, which injuries will cause plain- tiff pain, suffering, and stiffness during the balance of her

1. TRIAL: instruc-
tions: issues
and theories in
general: inac-
curacy cured
by other in-
structions.

natural life; a bruising and contusing of her shoulder, side, and hip, causing the muscles, nerves, and tendons thereof to be bruised, contused, and lacerated, causing her great lameness and stiffness, from which she will suffer during the balance of her natural life; a bruising, contusing, and serious injury to her arm, elbow, wrist, and to the muscles, nerves, and tendons thereof, and to the bones of her arm, shoulder, elbow, and wrist, causing the same to be bruised, torn, lacerated, and permanently injured, from which she will suffer during the balance of her natural life; that she was caused thereby to suffer great pain and mental anguish, and will so suffer therefrom in the future, and that, by reason of the aforesaid injuries to her back, spine, shoulder, side, hip, arm, elbow, and wrist, she has suffered damage to the extent of $3,500; that, by reason of such injuries she has been compelled to expend the sum of about $500 for medical care, treatment, medicine, nursing, and surgical operation."

That the plaintiff made exaggerated and inflammatory statements in her petition as to the injuries she actually received, this record makes certain. She received no such injuries, or, at least, offered no proof that she received such injuries. Instructions should be limited to those matters which the jury are called upon to consider. When the jury came to the consideration of plaintiff's injury and the amount she was entitled to recover, their consideration ought to have been limited to those injuries which the evidence tended, at least, to show she had sustained; and these extravagant claims, while quite common in pleading, ought not to be stated to the jury as claims for their consideration. If these claims have no support in the evidence, they are not for the consideration of the jury. The jury must base its findings, not upon the claims made, but upon the proof which is offered to support the claims, and

no claim made in the pleading can be considered by the jury unless it has at least some evidence to support it. The court ought not, in submitting the case to the jury, to call them to the consideration of claims made in the petition which plaintiff has not attempted to support by some evidence at least.

However, the court, in its instructions to the jury, when touching upon the question of plaintiff's injuries, said to them:

"In the first place, it is shown that the plaintiff has suffered some damage or pecuniary loss by reason of the accident in question, and in some of the matters set forth in her petition. If you find from the evidence that the plaintiff has suffered some damage or pecuniary loss by reason of such accident, in *some of the matters* set forth in her petition, then she will be entitled to recover, and you should proceed to fix the amount of her recovery,"

—and substantially limited the jury to the proof in fixing the damage, saying:

"If you find for the plaintiff, you should allow her such sum as will fairly compensate her for any damage she has shown by the evidence to have sustained by reason of such accident, so far as such loss is shown to have been occasioned by reason of the injury so received. The reasonable value of such medical care and attention as was procured for her, so far as the same was made necessary by reason of the accident in question, and not exceeding $500, claimed by her in her petition."

It will be noted that she claimed in her petition for future medical treatment. No objection was made to the introduction of the evidence coming from Dr. Kelly, on the ground that the services were rendered after the suit was commenced. It is clear that the services were made necessary by the injury. The court said to the jury that they might allow the reasonable value of such medical care and

attention as was procured for her, so far as the same was
made necessary by reason of the accident in question.
While we do not approve the setting out of all the claims
of the plaintiff, whether they be supported by the evidence
or not, and while we think it better practice to set out only
those matters which the jury are entitled to consider, yet,
as the court, in other instructions, limited the jury to the
consideration of such matters only as the plaintiff had of-
fered evidence tending to support, we cannot reverse on ac-
count of this method of instructing the jury.

II. This brings us to the second complaint: "The
court erred in instructing the jury on the question of con-
structive notice."

2. MUNICIPAL
CORPORATIONS:
streets and al-
leys: defect in
sidewalk:
negligence.

The rule recognized by this state is
that, to charge a municipality with negli-
gence for conditions that render the side-
walk unsafe, where the city is not respon-
sible originally for the condition, where it
is merely a defect that came into existence through no fault
of the city, the defect, if not known to the city, must have
existed for such a length of time before the accident that
the officers and agents of the city, charged with the duty
of caring for or maintaining its sidewalks, ought, in the
exercise of reasonable and ordinary care, to have known
and remedied it before the accident. The complaint lodged

3. TRIAL:
instructions:
form and lan-
guage in gen-
eral: paucity
of statement.

against the action of the court is that it
did not amplify the rule. It is not claimed
that it is not a correct statement of the
law. The contention is that it was not am-
plified sufficiently to convey to the jury a
clear notion of the duties that rested upon the city in this
particular case. We cannot, however, reverse for this. The
defendant knew of the instruction, when it was given, and
did not ask that it be amplified. The defendant does not

say that the court did not state the rule correctly, but that there was a paucity of statement; that the court should have gone more fully into the question. If that is the thought of the defendant now, it should have been its thought when the instruction was given, and if it desired the rule more fully stated, it should have requested the court to amplify it. We cannot reverse on this ground.

III. It is next contended that the court should have submitted to the jury certain special interrogatories requested by the defendant.

The defendant requested the court to 4. TRIAL: special interrogatories: determinative ultimate facts. submit nine special interrogatories, all of which were refused; and of this, defendant complains. Two of these, we think, should have been given, the fourth and the ninth. They are as follows:

"(4) How long, if at all, before the accident do you find, from the evidence, that the snow or ice was in a rough, uneven condition at the place of the accident?

"(9) How long before the accident, if at all, do you find from the evidence that the surface of the snow or ice, if there was any there at all, had remained the same at the point where plaintiff fell?"

These questions called for a finding upon ultimate facts, determinative of the right of plaintiff to recover. The evidence was in dispute. Indeed, we must say that the plaintiff's evidence itself is very, very meager on this point. The plaintiff sought to charge the defendant with liability. She sought a verdict from the jury determining that liability. The verdict must rest upon the finding of ultimate facts. The court, in substance, told the jury that, even though the ice upon the sidewalk was rough, rounded, and uneven, as claimed, and though they found that plaintiff fell and received her injuries as a proximate result of such condition,

yet the defendant was not liable, unless it was made to appear that the condition that caused the injury had existed for such a length of time before the injury that the city, through its officers, exercising reasonable care for the safety of travelers upon the street, could and should have known of its condition, and remedied it before the injury. Before the jury could determine this fact, they must find from the evidence that the condition complained of had existed for the length of time necessary to charge the city with notice. That time was measurable,—approximately measurable, at least. It was to be determined by the evidence submitted before the jury, and must be determined before the jury could say, as a matter of fact, that it had existed for such a length of time before the injury that the city was charged with notice. The interrogatories submitted asked the jury to state its finding upon this ultimate fact, that it might be brought to the knowledge of the court just how long, or approximately how long, before the injury the condition had existed. The finding might have been such as would enable the court to say, as a matter of law, that sufficient time had not existed to enable the defendant city, in the exercise of reasonable care, to have discovered and remedied the defect. Of course, what is a reasonable time is usually a question for the jury; but the time may be of such brief duration that the officers of the city could not, in the very nature of things, have ascertained the defect before the injury and repaired it. The defendant was entitled to know what the jury's finding was upon this point. It was a material point, and might be determinative of the rights of the plaintiff. As bearing upon this question, see *In re Estate of Townsend,* 122 Iowa 246, 253; *Day v. City of Mt. Pleasant,* 70 Iowa 193, 195; *Decatur v. Simpson,* 115 Iowa 348, 352.

It is true that the right to have special interrogatories

answered by the jury may be abused, and carried to the extent of cross-examining the jury on its findings upon all questions concerning which there is evidence offered. This is not to be tolerated. The right to submit special interrogatories and have them answered by the jury is a statutory right, and this right ought not to be abused; but no court ought, out of fear of abuse, to deny the statutory right. On this point see *King v. Chicago, R. I. & P. R. Co.,* 185 Iowa 1227.

Other interrogatories were asked, answers to which would not establish any ultimate fact determinative of any rights of either party involved in the suit. They savored of cross-examination.

For the refusal to submit the interrogatories hereinbefore set out, the case must be reversed.

IV. It is next contended that the court erred in refusing to instruct the jury to return a verdict for the defendant on the ground of contributory negligence of the plaintiff.

We have examined the record, and find that there is no basis for holding, as a matter of law, that the plaintiff was guilty of contributory negligence. If there was a failure to establish the negligence of the defendant, she has no ground for recovery. If the negligence of the defendant is proven, substantially as charged, there is no ground for holding that she was guilty of contributory negligence in attempting to pass over the walk, or in the manner in which she did. We must hold against the defendant on this proposition.

For the error pointed out, the case must be and is reversed.—*Reversed and remanded.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.