FRANK J. FOSSELMAN, Appellee, v. CITY OF DUBUQUE, Appellant.

No. 40488.

DECEMBER 9, 1930.

REHEARING DENIED MARCH 12, 1931.

*M. H. Czizek,* for appellant.

*Frantzen, Gilloon & Glenn,* for appellee.

EVANS, J.—On January 20, 1927, the plaintiff slipped and fell upon an icy sidewalk on the north side of Fifth Street in the defendant city. The particular place of the accident is

known as 45 West Fifth Street. No. 45 consists of a building extending east and west along the sidewalk in question. At its west end it abuts upon a north-south alley, which also intersects the sidewalk. This building has an eaves-trough, which conducts water from its roof to the west end, and deposits it on the sidewalk at the alley intersection. Close to the west end of the building is an entrance thereto, opening to the south upon Fifth Street. Two stone steps lead from the sidewalk to the doorsill. The place of accident, according to plaintiff, was at the base of the lower step and upon the sidewalk. It is the claim of the defendant that the accident happened on the lower step. The plaintiff was familiar with the conditions of the sidewalk at this point, and had been familiar therewith for several days. He passed over the same daily into an office in the building referred to. He was severely injured. At the close of the evidence, the defendant moved for a directed verdict, on the ground that the plaintiff had failed, as a matter of law, to prove freedom from contributory negligence. His motion was overruled. Error is assigned here upon such ruling; and likewise, error is assigned upon certain instructions.

I. The burden of the argument submitted on behalf of the defendant is that the plaintiff failed to prove freedom from contributory negligence. It appears that he knew of the icy condition. He testified that he had passed over it daily, and had done so carefully, and that he was moving carefully at the time of the accident. The general point of argument for appellant is that the plaintiff did not prove any affirmative fact, to show that he was free from contributory negligence. The point thus made by appellant is not tenable. The plaintiff necessarily has the burden of proving the circumstances of the accident. The question of contributory negligence must be determined from the facts and circumstances attending the accident. Nor is the plaintiff bound to go beyond them in his proof. If these facts and circumstances failed to disclose contributory negligence, then the plaintiff is deemed to have proved his freedom from contributory negligence. The facts and circumstances may be such as to disclose contributory negligence as a matter of law. If so, it becomes the duty of the court to direct a verdict against the plaintiff upon his own proof. If

the facts and circumstances do not show contributory negligence, as a matter of law, then the plaintiff is entitled to go to the jury on the question. In this case, according to the plaintiff's testimony, he was stepping carefully from the lower step onto the sidewalk, and with his first step on the walk he slipped and fell. The contention of the defendant is that he slipped on the lower step and fell therefrom to the sidewalk. That dispute was for the jury to settle. The plaintiff testified that he had been wearing rubbers in passing over this icy place, and that he wore the same at the time of the accident; that, in passing from the steps to the walk, he had in mind the icy character, and was expecting to be cautious; that he stepped carefully from the step to the walk; and that he slipped immediately upon his first step. If he had been walking over an icy place for some distance, the method of his walking and the degree of attention given by him to the condition of the walk while so passing would furnish some evidence on the question of care. But inasmuch as he slipped with his first step, his field of evidence on the question of his care became very much circumscribed. But that fact did not increase his burden of proof. He was still entitled to rely upon the actual circumstances surrounding the accident, be they many or few, and to make these the criterion of his care or negligence, as the case may be. In *Gregg v. Town of Springville,* 188 Iowa 239, we said:

"Direct affirmative proof of particular acts constituting due care by the plaintiff was not required. It is sufficient if, upon all the facts and circumstances of the case, the jury could reasonably find that plaintiff was exercising the reasonable care of an ordinarily prudent person * * *."

Sufficient to say herein that the facts and circumstances, as testified to by the plaintiff, did not, as a matter of law, disclose contributory negligence.

II. Complaint is directed to some of the instructions, and first of all to Instruction No. 1. This instruction stated only the issues as made by the pleadings. It contained the following (Italics are ours):

"That the sidewalk on the northerly side of said street, in front of the property known as Number 45 West Fifth Street, was, on and before the 20th day of January, 1927, allowed to

 become dangerous and unsafe to persons passing over the same, by reason of an accumulation of rough, rounded, uneven, and irregular ice thereon, which ice was allowed to remain upon said walk in said condition up to and including the 20th day of January, 1927, and for several days prior thereto; that said ice was allowed to remain on said sidewalk for several days prior to the 20th day of January, 1927, and *was caused by water flowing onto said sidewalk from the adjacent alley during the alternate thawing and freezing weather prior to said date, thus rendering said walk dangerous for travel; that the water from the roof of the building abutting on said walk is conducted by a gutter on the eave of the building known as 45 West Fifth Street to the corner of the alley at the westerly end of said building and deposited in said alley in large quantities and allowed to flow over said sidewalk, thus causing an accumulation of ice at the point where plaintiff received his injuries.*"

The foregoing recitals were set forth briefly in Instruction No. 1. The complaint is that the court thereby submitted to the jury an improper issue, in that it submitted the question of the method by which, and the source from which, the water came upon the sidewalk, to be frozen there. The defendant concedes that evidence of this kind is always proper as bearing on the question of notice to the city. But the complaint here is that the court submitted it as an independent act of negligence of the city, and as a cause of action against it. The court did no more in Instruction No. 1 than to state the issues as they were made by the pleadings. There was no attack upon the petition. The court did not in fact in any instruction submit such question to the jury as an independent act of negligence. Whether, under the evidence in this record, it would have been proper to do so, we need not determine. By Instructions Nos. 13 and 22 the court expressly confined the plaintiff's proof of negligence as a ground of recovery to the fact that those rough, rounded conditions of the ice were caused, if any, by artificial means.

In *Hofacre v. City of Monticello*, 128 Iowa 239, we said:

"If the ice was produced by artificial causes, such as the discharge of water from an eave trough directly upon a side-

walk, thus producing a special accumulation of ice at a particular place, which was or became rounded and uneven or otherwise dangerous to pedestrians, and the city had notice thereof, or should have had such notice, and a reasonable time within which to remove it before the accident occurred, and failed to do so, it would be liable for injuries resulting from such a defect.''

The instructions of the court were consistent with the foregoing. There was no error.

III. The defendant presented to the court a requested instruction which embodied the view for which the defendant now contends in argument. What we have said in the foregoing is determinative also of this assignment of error, and we need not repeat the discussion. We have studied the extensive and careful brief of the defendant, and are constrained to say that none of its assignments are well taken.

The judgment below is—*Affirmed*.

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.