ELANOR GARMOE, Appellee, v. ROGER COLTHURST, Appellant.

No. 41699.

FEBRUARY 14, 1933.

Baldrige & Bailey, for appellee.

Livingston & Eicher and Putnam, Putnam, Langdon & Fillmore, for appellant.

STEVENS, J.—The accident resulting in injuries to Elanor Garmoe, 11 years of age, occurred about 5 o'clock in the afternoon of October 4, 1931. Highway No. 161 extends north and south. Elanor resided with her parents on the east side of this highway. Just preceding the accident, she was standing on a cement block about 22 feet east of the pavement, which is 18 feet in width. Her brother was standing near an automobile parked on the east side of the highway, about 6 feet from the paving.

Appellant, with his wife and two children, was driving south on the right-hand side of the highway. The driver's view was unobstructed and there were no cars or vehicles in the vicinity on the paving. When, according to his testimony, appellant first saw Elanor, she was 6 or 8 feet east of the curb, facing south, and when his car approached within 60 to 70 feet of her, she started to cross the pavement to the west. Appellant testified that he sounded his horn, but that she paid no attention thereto; that, when she passed the black line in the center of the highway, he again sounded his horn, put on the emergency brake, and turned to the right. Elanor crossed the pavement to the west side, when she was struck by the bumper and left headlight on appellant's car. She was thrown to the pavement, and severely injured.

The jury could have found that, at the time the automobile struck the child, all four wheels thereof were off the paving and on the west shoulder. According to some of the testimony, the car was stopped about 22 paces south of where the child was lying on the pavement, and according to the testimony of appellant it was not that far.

Appellant further testified that he threw in the clutch and put his foot on the brake when he was about 40 feet from Elanor. He testified that the speed of his car as he approached the scene of the accident was 30 or 35 miles per hour, but that at the moment of the collision it was 20. Elanor's father, however, testified that appellant admitted to him that the speed was 50 or 55 miles per hour. The testimony of Raymond Garmoe contradicted the testimony of appellant in some particulars. He did not hear the horn sounded, but saw the car approaching, and called to his sister, who did not stop.

It is obvious from the foregoing statement of the facts that, had appellant turned his car slightly to the left, instead of to the right, the accident would have been avoided.

The court instructed the jury, as a matter of law, that the injuries complained of were the result of appellant's negligence, and that Elanor was likewise free from contributory negligence. The only question, therefore, submitted to the jury was the extent of the damages. The evidence was ample to sustain a verdict in favor of appellee. Verdicts are frequently directed in favor of the defendant upon the ground that the evidence is wholly insufficient, as a matter of law, to sustain a verdict if one were returned in favor of the plaintiff. It has been many times held in other jurisdictions that a verdict may be directed for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or of such a conclusive character that the court, in the exercise of sound discretion, would be compelled to set aside a verdict returned in opposition to it. Delaware, L. & W. R. Co. v. Converse, 35 L. Ed. 213; Chanute v. Higgins, 70 Pac. (Kans.) 638; Kemp v. C., R. I. & P. R. Co., 138 Pac. (Kans.) 621. See also First Nat. Bank v. Brown, 197 Iowa 1376; In re Estate of Work, 212 Iowa 31.

Appellee also relies upon a long line of authorities which hold that the driver of a motor vehicle must exercise such care upon the public highway where children are gathered, or may reasonably be expected to be present, as are commensurate with the circumstances. Price v. Burton, 154 S. E. (Va.) 499; Cervillo v. Manhattan Oil Co., 49 S. E. (2d Ser.) 183 (Mo.); Albert v. Munch, 75 So. (La.) 513; Jacoby v. Gallaher, 120 So. (La.) 888; Silberstein v. Showell, Fryer & Co., 109 Atl. (Pa.) 701; and many other cases.

Appellant did not fail to observe the presence of Elanor and her brother on the east side of the pavement, and he saw the injured

party when she started to go across the highway to the west. When he first saw her, he was at least 60 feet away.

It is not sufficient to justify the court in instructing the jury that appellant was guilty of negligence as a matter of law because he might, by turning his car to the left, instead of to the right, have avoided the accident. Proceeding at 30 or 35 miles per hour, it would seem that the car could have been stopped in time to have avoided the collision. The court cannot say, as a matter of law, that appellant was indifferent, and did nothing to avoid striking the child. According to his testimony, he made an effort to reduce the speed and to pass Elanor on the right side in time to avoid injuring her. He testified that the brakes on his car were in good working condition. Children do not possess the judgment and discretion of adults, and appellant could not know with absolute certainty that, if Elanor saw the car approaching, she would not attempt to reverse her course. He may have believed that the safest course for him to pursue was to turn from the pavement onto the shoulder, and by so doing, get out of the way before she reached a point of danger.

The question before us is not whether there was such conflict in the evidence as entitled plaintiff to have the issues submitted to the jury, but whether the evidence was undisputed, or so conclusively established negligence on the part of appellant which was the proximate cause of the injury that reasonable minds could not differ on the point. Even though it were conceded that a strong case of negligence was made out against appellant, he would still be entitled to have the issues passed upon by the jury.

The court is of the opinion, upon the whole record before us, that the instruction in question was erroneous: that is, that the court should not have instructed the jury, as a matter of law, that the injuries complained of were the result of appellant's negligence.

Exceptions were also preserved to Paragraph 10 of the court's charge to the jury. This instruction submitted to the jury, as an element of damage, certain scars resulting from the injuries which, it is claimed, permanently disfigured Elanor. In view of the conclusion already announced, we deem it unnecessary to do more at this point than to call attention to the following cases: Collinson v. Cutter, 186 Iowa 276; and Duncan v. Iowa R. & L. Co., 194 Iowa 469.

Because of the error of the court in instructing the jury that

appellant was guilty of negligence as a matter of law, the judgment below must be and it is reversed.—Reversed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.