Hugh Denny, Appellant, v. C. F. Augustine, Appellee.

No. 43631.

SEPTEMBER 28, 1937.

 

Thomas J. Bray and John E. Cross, for appellant.

Hallagan, Fountain, Stewart & Cless and Paul W. Steward, and McCoy & McCoy, for appellee.

RICHARDS, J.—During the afternoon and early evening of January 1, 1935, a truck, loaded with hogs, was traveling toward St. Louis, Mo., from plaintiff's farm in Mahaska County. Riding in the cab of the truck were plaintiff and two of defendant's employees, to wit, Harry Thomas and Howard Romine. Thomas was driving. At about 8 p. m. the truck was proceeding south and ascending a hill upon Primary Highway 161, a short distance south of Ainsworth, Washington County. The hill was 700 or 800 feet long. At a point part way up the hill, ice covering the pavement resulted in traction being lost, and the truck stalled. After attempts to proceed had failed, Thomas said, "You boys get out and put the chains on, while I hold the brakes." Thereupon plaintiff and Romine alighted from the truck, each taking with him a tire chain. Plaintiff started attaching a chain to the left rear wheel of the truck, while Romine engaged himself in like manner at the right rear wheel. After he had completed attaching the chain to the right rear wheel, Romine went around to the other side of the truck to assist plaintiff. Then, while plaintiff and Romine were both engaged in attaching the chain to the left rear wheel, a car, driven by one Lynn, approached on this highway from the south, and passed the truck on the east side thereof. The truck was then standing astraddle the black lines in the center of the paved portion of this highway While

passing the truck the right wheels of the Lynn car traveled out on the shoulder of the highway, the left wheels on the paving. There was no collision of the two vehicles. But both plaintiff and Romine were struck by the Lynn car as it was passing the truck, resulting in the death of Romine and in plaintiff being seriously injured. On account of these injuries plaintiff brought this action against defendant, who owned the truck and had undertaken the transportation of the hogs for plaintiff. Plaintiff claims the cause of his injuries was negligence on the part of defendant's above-mentioned employees.

At the close of plaintiff's evidence the court sustained defendant's motion for a directed verdict and entered judgment against plaintiff. Therefrom plaintiff has appealed.

■■■ Plaintiff urges that there was error in the ruling on the motion for directed verdict. One of the grounds thereof was that plaintiff had failed to discharge the burden of proving himself free from contributory negligence. That this burden rested on plaintiff is too well established to require citation of authorities. But in establishing freedom from contributory negligence we have held, "Direct affirmative proof of particular acts constituting due care by the plaintiff was not required. It is sufficient if, upon all the facts and circumstances of the case, the jury could reasonably find that plaintiff was exercising the reasonable care of an ordinarily prudent person [Gorman v. M. & St. L. R. Co., 78 Iowa 509, 517 (43 N. W. 303)]." Gregg v. Springville, 188 Iowa 239, 246, 174 N. W. 23, 25.

■■■ In Fosselman v. Dubuque, 211 Iowa 1213, 1214, 233 N. W. 491, 492, we further said:

"If these facts and circumstances fail to disclose contributory negligence, then the plaintiff is deemed to have proved his freedom from contributory negligence. The facts and circumstances may be such as to disclose contributory negligence as a matter of law. If so, it becomes the duty of the court to direct a verdict against the plaintiff upon his own proof. If the facts and circumstances do not show contributory negligence, as a matter of law, then the plaintiff is entitled to go to the jury on the question."

■■■ The facts and circumstances in the case before us, having to do with the question of contributory negligence, are not complicated. The top of the hill was about 300 feet south from

the place where the truck was stalled. A car approaching from the south could be seen from the truck when at a distance of about 375 feet. At the place where the truck stood in the middle of the paving the highway had been cut through an embankment. The sides of the embankment sloped upwards from the paving, and a road maintainer had scraped snow off to the side of the pavement. It was about 8 o'clock in the evening and dark. The headlights of the truck were burning. The position of the truck, astraddle the black lines in the center of the pavement, and the conditions on each side of the paving as above described, naturally made more hazardous the passing of the truck by other vehicles on this highway. Such being the situation, plaintiff took up his position at the rear wheel on the east side of the truck and proceeded with attaching the chain. As it appears to us the vital question concerns his conduct from that point of time until he was struck by the Lynn car. The speed at which the Lynn car approached is in controversy, Lynn saying that he came over the top of the hill at 20 to 25 miles per hour and that he had reduced his speed to 15 miles per hour when he passed the truck. Another witness fixes the speed at 30 to 35 miles per hour. Considering the distance at which the Lynn car was visible, these varying estimates of speed make it apparent that the headlights of the Lynn car were visible from the truck's location for an appreciable length of time, affording one in its path an opportunity to observe the approaching car and reach a place of safety. The headlights on the Lynn car were burning at all times. But plaintiff, a witness in his own behalf, offered no information as to whether he saw the approaching car nor any explanation for not seeking a place of safety if he did see it. What is even more fatal to plaintiff's claim that he showed himself free from contributory negligence, is the fact that there is no evidence in the record from which a jury could find that he was keeping any lookout whatever for his own safety or paying any heed to traffic upon this highway. This lack of evidence on this vital question compels us to say that a consideration of all the facts and circumstances could not lead to the conclusion that plaintiff exercised the ordinary care of a reasonably prudent person.

 The degree of care that would be exercised by a reasonably prudent person would be commensurate with the dangers inherent in his surroundings. That plaintiff was in a perilous place is apparent. He was on a primary highway where

traffic was to be expected. He was on that side of the road where traffic from either direction would naturally travel in passing. The darkness added to the possibility that the drivers of passing vehicles would not observe plaintiff working at the rear wheel of the truck. The position of the truck and conditions on each side of the paving, which was only 18 feet in width, were observable by plaintiff. Care commensurate with the dangers of this situation cannot be said to have been exercised by plaintiff when in the record there is a complete absence of evidence of keeping any lookout or exercising any care or precautions for his own safety. Our conclusion has support in the opinion in Fortman v. McBride, 220 Iowa 1003, 263 N. W. 345, where a somewhat analogous situation arose and we held in that case that there was no escape from the conclusion that the situation was an obviously dangerous one, and that plaintiff's decedent in taking the position he did at the side of his car, with his back to approaching traffic, and in failing to keep a lookout, under the circumstances, was not in the exercise of ordinary care for his own safety.

■■■ Counsel for plaintiff seek to escape this condition found in the record by pointing out that they proffered the testimony of plaintiff to the effect that when plaintiff got out of the truck to put the chain on the wheel he believed that Thomas would put out flare lights and give warnings to traffic of plaintiff's position and presence there while he was putting on chains, and to the effect that plaintiff relied on the fact that Thomas would so do. The court sustained defendant's objections to the introduction of this testimony. Whether the court erroneously excluded this proffered testimony need not be determined. One reason is that plaintiff had the right to assume that Thomas would obey the statutory duty to place a flare at the side of the truck in plain view of all traffic, only so long as plaintiff did not know to the contrary. He did know, or should have known, that Thomas was to remain in the cab, when Thomas said, "You boys get out and put the chains on, while I hold the brakes." After plaintiff was on the ground he was at the side of the truck where the flare would have been, had the statutory duty been performed, and of course in the absence of any flare beside him he could not rely on any protection from that source. He could not, by testifying that he relied on something that he was bound to know did not exist, accord to himself an assumption on which, in view of the facts, he was not entitled to rely.

In view of our conclusion a discussion of the sufficiency of other grounds of the motion would serve no purpose. Finding no error in the record the judgment appealed from is affirmed.— Affirmed.

HAMILTON, C. J., and ANDERSON, PARSONS, STIGER, and SAGER, JJ., concur.