GRACE MURCHLAND, Appellant, v. VERNON JONES, Appellee.

No. 43998

MAY 3, 1938.

M. M. Harding, for appellant.

Hallagan, Fountain & Stewart and Wm. P. Welch, for appellee.

MILLER, J.—The collision out of which this litigation arose took place on paved highway No. 30 at a point about $3\frac{1}{2}$ miles west of the town of Denison, at which point the highway is straight and level, and from which there is an unobstructed view from a half to three-quarters of a mile each way. On July 9, 1935, between 9 and 9:30 p. m., plaintiff-appellant was driving a Ford car, owned by her, east on said highway, proceeding on the right-hand or south side thereof. While so proceeding, her car suddenly became disabled and stopped on the pavement, following which she endeavored to start the motor without success, got out of the car, observed that both the front and rear lights were burning, looked at the motor, and unsuccessfully endeavored to push the car from the highway. Two cars approached from the east which she endeavored to stop, but without success. Following the passing of the two cars from the east, the defendant-appellee approached from the west in a Ford car, and plaintiff, upon observing defendant's car approaching, took a position on the pavement north of her car, either touching the rear left fender or standing in close proximity thereto, from which position she held up her hand in an attempt to stop defendant's car. However, defendant failed to stop, and his car struck plaintiff's car squarely in the rear so that the wheels of the two vehicles interlocked, forcing both cars some distance to the east on the south side of the pavement. Appellant claims that the collision, in addition to wrecking her automobile, knocked her to the pavement and caused her to sustain injuries. Thereafter appellant instituted this action, asking for judgment on account of personal injuries and for damages to her automobile. During the progress of the trial appellant requested the giving of certain instructions to the jury, which were refused. The jury returned a verdict in favor of appellee following which appellant

filed exceptions to instructions and a motion to set aside the verdict and for a new trial, which were overruled by the trial court on May 18, 1936. However, prior to the submission thereof, appellee filed an offer to confess judgment, wherein he stated that without admitting or conceding that appellant was entitled to a new trial, and fully asserting that no errors were committed by the court in any way, or admitting any liability upon his part, but for the purpose of eliminating certain issues and to clarify the issues tendered by appellant in her motion and exceptions to instruction, he offered to confess judgment in favor of plaintiff for the total amount of plaintiff's claim for damages to her automobile in the sum of $150, and for court costs. The appellant at said time refused to accept said offer, but following the court's order of May 18, 1936, she filed a motion for judgment, wherein she stated that without waiving or intending to waive any of her rights or claims for damages for personal injuries received by her in said collision, she moved the court for judgment against appellee in accordance with said offer of appellee to confess judgment. Thereafter the court entered an order sustaining same and rendering judgment in her favor for said sum of $150 with interest and costs, which judgment and costs have been fully paid by the appellee.

There is no contention that by the rendition of said judgment in appellant's favor she is precluded from prosecuting this appeal, but both parties proceed upon the theory that on account thereof that all questions relative to property damage suffered by her are removed from our consideration. As a result thereof, we are only concerned with the cause of action based upon appellant's contention that she suffered personal injuries in said collision.

Appellant in her notice of appeal states she has appealed "from the order, decision and judgment of said Court overruling her motion to set aside the verdict of the jury and for a new trial in said action and overruling her exceptions to the instructions given by the Court to the jury and to the refusal of the Court to submit to the jury all of the instructions requested by the said plaintiff in said action, which order, decision and judgment was made, rendered and entered of record by said court in said action on the 18th day of May, 1936."

In view of the fact appellant is only appealing from the order of the court of May 18, 1936, overruling her motion to set

152

aside the verdict and grant a new trial, and overruling her exceptions to instructions (and possibly the court's refusal to submit her requested instructions), we are only concerned with assignments of error involving those matters; as to which matters appellant words her contentions as follows: (1) "That the Court erred in refusing to set aside the verdict of the jury and grant a new trial, for the reason that the said verdict was contrary to the undisputed evidence, and contrary to the law"; and (2) "that the Court erred in refusing to give instruction seven to the jury, as requested by plaintiff, which stated that plaintiff was free from any contributory negligence."

In the consideration thereof, we will first consider the contention that the court erred in refusing to submit appellant's requested instruction 7 to the jury, although it is extremely doubtful if appellant has sufficiently preserved her record as to this matter in her notice of appeal. Examination thereof reveals that she appeals from the order, decision, and judgment that was made, rendered, and entered of record on May 18, 1936. The record reveals that on said date the court overruled appellant's exceptions to instructions, motion for new trial, and motion to set aside the verdict. The record likewise reveals that the order refusing to give appellant's requested instructions was made on January 31, 1936, during the trial of the action. However, since appellant states that she appeals from the refusal of the court to submit her requested instructions, we will give said matter our consideration. Her requested instruction 7 reads as follows:

"You are further instructed that under the undisputed evidence in this case that the plaintiff was not guilty of any contributory negligence that approximately caused the collision of said cars or her injuries and damages and it is your duty to find the plaintiff not guilty of contributory negligence herein."

If her contention is correct, that under the record the court should have given said requested instruction, it results in the direction of a verdict in her favor upon the question of her contributory negligence; or, in other words, a finding that the record established conclusively as a matter of law that she was free from any negligence that in any degree contributed to her injuries. We have frequently held in certain actions that the evidence of plaintiff established contributory negligence as a

matter of law, but the contention that a verdict should be directed in plaintiff's favor conclusively finding his freedom therefrom is somewhat novel.

We have been cited to but one negligence case determined by this court wherein an instruction to the effect that plaintiff was free from contributory negligence, was approved; being the case of Vickery v. Armstead, 190 Iowa 803, 180 N.W. 893. Therein plaintiff was riding in a buggy, drawn by horses driven by her husband, upon a public highway, and when upon a bridge, which was a part of the highway, on the extreme right-hand side thereof, an automobile approached from the opposite direction and drove into the buggy. There was no dispute as to how the accident happened, it being defendant's claim that he was not at the scene of the accident at all. Apparently the sole dispute was whether or not defendant was the driver of the automobile that ran into the buggy. In view of the record therein, this court held it was not error to instruct the jury that plaintiff was free from contributory negligence. On account of the fact situation therein, we do not consider the same as controlling in the instant case.

In the case of Garmoe v. Colthurst, 215 Iowa 729, 246 N.W. 767, the trial court instructed the jury as a matter of law that plaintiff's injuries were the result of defendant's negligence, and that plaintiff was likewise free from contributory negligence. However, upon appeal no comment was made upon the contributory negligence phase, but the cause was reversed on account of the error in instructing the jury that defendant was guilty of negligence as a matter of law.

It is elementary that it was appellant's burden to establish her freedom from contributory negligence, and likewise citation of authority is unnecessary upon the proposition that the question of contributory negligence is for the jury, when from the facts and circumstances reasonable minds might come to different conclusions. An examination of appellant's testimony in its entirety reveals that after her car stalled upon the highway, she endeavored to start the same by stepping on the starter, but being unable to do so, she got out of her car on the left-hand side, opened the hood of the car, looked at the motor, walked from the front to the rear thereof to observe whether or not the lights were burning; that while on the pavement she endeavored to stop two cars coming from the east, and then observed the car

of appellee coming from the west, some 60 or 70 rods away. Upon so observing appellee's car approaching, she took a position on the pavement, either touching or immediately adjacent to the rear left fender of her car, resulting in her position being almost immediately adjacent to the center of the highway, faced the west, and remained in that identical position until the collision. During the time she remained in that position, appellee's car came straight down the highway towards her, at a continued speed of from 50 to 60 miles an hour, with no movement whatever indicating any change in the course in which said car was being driven. According to her testimony, during said period of time, she had ample time and ample opportunity to leave the center of said highway and go to the shoulder on either side or to move her position, but she remained in that identical position during all the time in question; she observed and knew that at the speed appellee was approaching her, that, unless he reduced the speed or changed the course of his car, it would unquestionably result in a collision between her car and his, and that she was in danger in case of said collision. Appellee contends that this evidence of appellant conclusively established as a matter of law that she was guilty of contributory negligence, and in support thereof cites the following cases: Norris v. Lough, 217 Iowa 362, 251 N. W. 646; Lindloff v. Duecker, 217 Iowa 326, 251 N. W. 698; Fortman v. McBride, 220 Iowa 1003, 263 N. W. 345; Denny v. Augustine, 223 Iowa 1202, 275 N. W. 117.

We are not concerned with whether or not this evidence establishes contributory negligence on appellant's part, but only with whether or not the same conclusively establishes as a matter of law her freedom therefrom. It is our opinion that this evidence, to say the least, raises a question upon which reasonable minds might come to contrary conclusions, as to whether or not appellant exercised such care for her own safety as an ordinarily careful and prudent person would have exercised under the same or similar circumstances; and it therefore follows that there is no merit in her contention that the trial court erred in refusing to give her requested instructions.

The conclusion we reach that the trial court correctly submitted the question of contributory negligence to the jury for determination likewise disposes of the remaining contention of appellant to the effect the court erred in refusing to set aside the verdict of the jury and grant a new trial, for the reason that

the said verdict was contrary to the undisputed evidence and contrary to the law. The upholding of that contention would of necessity require a finding that the record established conclusively as a matter of law that appellee was negligent, that such negligence was the proximate cause of the injuries of appellant, and *that appellant was free from contributory negligence*. The burden was upon appellant to establish each and all of said matters, and even if it should be conceded that the evidence established conclusively as a matter of law that appellee was negligent, and that such negligence was the proximate cause of appellant's injuries, the same would not permit a recovery by appellant without a finding that she was free from contributory negligence. Having determined that said matter should be submitted to the jury for determination, we are precluded from holding that its verdict is contrary to the undisputed evidence or to the law, and it follows that the ruling of the trial court must be affirmed. In view of the conclusions reached, it is unnecessary to pass upon appellee's motion to dismiss.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, SAGER, KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.